IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.5: 10-CT- 3056-FL

| | | |
|---|---|---|
| NELSON ALEXANDER CARABALLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN INGRAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's motion, styled as a motion for default judgment pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (DE #13). Defendants timely filed a response. In this posture, the issues raised are ripe for ruling. For the reasons that follow, plaintiff's motion is DENIED.

Plaintiff initiated this action by filing complaint against defendants on April 20, 2010. The record reflects that all defendants were served with summons and complaint on August 27, 2010. On October 26, 2010, the docket reflecting no appearance by any defendant, the court advised plaintiff to move pursuant to Rule 55 to reduce the matter to judgment. Plaintiff's motion was filed December 22, 2010. On January 13, 2011, defendants filed their answer to the complaint. On January 14, 2011, defendants filed their response in opposition to plaintiff's motion.

Plaintiff's motion is styled as a motion for default judgment, however the court construes this motion as a motion for entry of default. See Fed.R.Civ.P. 55(a). Rule 55(a) provides that where a defendant has failed to plead or otherwise defend, the clerk must enter the party's default. Plaintiff's invocation of Rule 55(a) was proper, as at the time his motion was filed, defendants had failed to

plead or otherwise defend. Although permitted by Rule 55(a), defaults generally are disfavored. Tazco Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults should be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Academy Inc. v. Hoover Universal Inc., 616 F.3d 413, 417 (4th Cir. 2010). Here, where the defendants have demonstrated an intent to adjudicate this matter on the merits and have asserted a meritorious defense, entry of default would be disfavored. Plaintiff's motion for entry of default is accordingly denied, and defendants' answer is admitted into the record.

Plaintiff's motion for entry of default being denied, the court now turns its attention to the matter of scheduling. Pursuant to Federal Rule of Civil Procedure 16(b), the court must enter a scheduling order after consulting with the parties. The parties are not required to conference with one another and produce a joint report. See Fed. R. Civ. P. 26(a)(1)(B), 26(f)(1). Unless a party objects, the court will set the following parameters for discovery in the above-captioned case:

1. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **May 8, 2011**.

2. All discovery shall be commenced or served in time to be completed by **July 8, 2011**.

3. All motions shall be filed in compliance with Local Civil Rule 7.1.[1]

---

[1] Local Civil Rule 7.1, provides in pertinent part the following: (1) "[a]ll motions shall be concise and shall state precisely the relief requested"; (2) "all motions made other than in a hearing or trial shall be filed with an accompanying supporting memorandum"; (3) "[a]ny party may file a written response to any motion"; (4) for non-discovery motions, "[r]esponses and accompanying documents shall be filed within twenty-one (21) days after service of the motion in question" unless the court directs otherwise; (5) for discovery motions, "responses and accompanying documents relating to discovery motions shall be filed within fourteen (14) days after service of the motion in question unless otherwise ordered by the court"; and (6) "[r]eplies to responses are discouraged. However . . . a party desiring to reply to matters initially raised in a response . . . shall file the reply within fourteen (14) days after service of the response, unless otherwise ordered by the court."

4. All motions, including dispositive ones, shall be filed by **August 8, 2011.**

If either party objects to the above proposed discovery plan, it should file its objections with the court and include its alternative proposal(s) in its objection. **Parties have twenty-one (21) days from entry of this order to file any objection.** If the objection period expires and no party files an objection, the court will issue an order setting the schedule as noted above.

If either party believes issuance of a further scheduling order should be stayed pending resolution of other matters already before the court, the party should file the appropriate motion and supporting memorandum requesting the relief sought.

SO ORDERED, this the 7th day of February, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

3