IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.5: 10-CT- 3056-FL

| NELSON ALEXANDER CARABALLO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN INGRAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on *pro se* plaintiff's "motion to stay the issuance of the scheduling order" (DE #19), to which defendants have filed a response. In said motion, plaintiff objects to the court's order dated February 17, 2011, wherein the court denied plaintiff's motion for entry of default as to all defendants. As such, the court construes plaintiff's motion as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and the Clerk is DIRECTED to conform the docket to reflect that plaintiff's filing at DE #19 is a motion for reconsideration.

Rule 60(b) permits the court to relieve a party from an order upon motion and just terms, for:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud . . . misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Plaintiff does not clearly identify a ground for relief which would justify setting

aside the court's order.

Plaintiff appears to argue that he was entitled to entry of default because defendants failed to plead or otherwise defend, as noted by the court in its October 26, 2010, order wherein the court advised plaintiff to proceed pursuant to Rule 55 to reduce the matter to judgment. In the court's subsequent order denying plaintiff's motion for entry of default, the court noted that plaintiff's motion was proper because at the time it was filed, defendants had failed to plead or otherwise defend. After the filing of plaintiff's motion, however, defendants filed their answer to the complaint as well as a response in opposition to plaintiff's motion. The court observed, however, that defaults are generally disfavored and that the Fourth Circuit has demonstrated a preference that claims and defenses be disposed of on their merits. See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). Because defendants had demonstrated an intent to adjudicate the matter on the merits and had asserted a meritorious defense, the court denied plaintiff's motion for entry of default.

The court's denial of plaintiff's motion for entry of default was proper, and plaintiff advances no plausible argument identifying error in the court's ruling. Accordingly, plaintiff's motion for reconsideration (DE #19) is DENIED. The court notes that the deadline for response to the initial order regarding scheduling and planning (DE #18) has passed without response from either party. Accordingly, a separate order on scheduling will issue.

SO ORDERED, this the 8th day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge